IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| THE VIRGINIA INSTITUTE OF AUTISM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 3:08CV53–HEH<br>VIRGINIA DEPARTMENT OF )<br>EDUCATION and PETER B. VADEN, )<br>in his official capacity, )<br>)<br>Defendants. ) | |

## MEMORANDUM OPINION
### (Defendants' Motions to Dismiss)

This case seeks both declaratory and injunctive relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. This action stems from the refusal of a state hearing officer to dismiss Plaintiff, a private educational institution, as a party to a due process hearing initiated pursuant to the provisions of IDEA. The matter is presently before the Court on the defendants' motions to dismiss. Because the state administrative proceedings are ongoing, the defendants urge the Court to abstain from exercising federal jurisdiction. They also contend that Plaintiff has failed to exhaust its administrative remedies. Both sides have filed memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.

The plaintiff, Virginia Institute of Autism ("VIA"), is a nonprofit Virginia

corporation which operates a small private day school for autistic students in Charlottesville, Virginia. On July 1, 2007, VIA entered into an agreement with Greene County, Virginia to provide educational services to a child under Greene County's supervision and authority. Under the terms of the agreement, VIA may terminate the provision of educational services to a child in two ways. First, VIA may terminate if a child commits a "serious incident," as that term is defined in the agreement, and with proper notice to Greene County. Or alternatively, the agreement may be terminated by either party for any reason "with 30 days written notice."

On December 3, 2007, VIA elected to discharge the student whose actions triggered the immediate litigation, due to concerns for the safety of that student, other students, and VIA staff. In order to review the placement of the student, his parents initiated a due process hearing with the Virginia Department of Education ("VDOE") in accordance with 20 U.S.C. § 1415(f). The due process complaint initiated by the parents named both VIA and the Greene County School District as defendants, but primarily sought relief only against VIA. In addition, the child's parents also sought a stay-put order against VIA during the pendency of the due process hearing, pursuant to 20 U.S.C. § 1415(j).[1]

In accordance with the IDEA, Greene County appointed John R. Hooe as hearing

---

[1] As the name implies, a stay-put order directs the parties to continue the status quo ante until the due process hearing.

officer to preside over the proceedings.[2] On January 4, 2008, relying on 20 U.S.C. § 1415(j), the hearing officer, at an ex parte proceeding, entered a stay-put order against VIA. The hearing officer further issued an order directing VIA to show cause why the stay-put order should not be permanent. VIA objected to the entry of the stay-put order on the grounds that it is a private entity beyond the reach of IDEA. On January 7, 2008, after reviewing the arguments and materials submitted by all parties, the hearing officer ordered that the stay-put be permanent throughout the pendency of the due process proceedings. In articulating his rationale, the hearing officer found that by contracting with the Greene County School District, VIA agreed to comply with the requirements of IDEA and was therefore subject to the decisions of the hearing officer, including the stay-put order.

At the request of VIA, the hearing officer conducted a hearing on January 10, 2008 to determine whether returning the student to VIA was likely to result in injury to him or to others. In support of its position, VIA relied upon the exception to the stay-put doctrine set forth in 20 U.S.C. § 1415(k), pertaining to dangerous students. The hearing officer declined to lift the stay and ruled that VIA lacked standing under IDEA to challenge the stay-put order. Specifically, the hearing officer found that "the Virginia Institute of Autism lacks standing to seek application of the dangerous exception to the stay-put requirement, that being granted only to the LEA [local educational agency] under

---

[2] John R. Hooe has since resigned as hearing officer on this case and the current defendant, Peter B. Vaden, has been selected in his stead and substituted as a party defendant.

3

IDEA." (Hearing Officer Order, Jan. 10, 2008.) This lawsuit followed.

Subsequently, the hearing officer assigned to this case resigned and a new officer, Peter B. Vaden ("Vaden") was appointed in his stead. In anticipation of the full due process hearing set for February 28, 2008, Vaden invited all parties to address the issue of the stay-put placement order. By letter dated February 4, 2008, VIA declined the invitation and advised Vaden that it would not participate in any further proceedings unless directed by the United States District Court. Consequently, VIA remains a party of record to the due process hearing scheduled for February 28, 2008.[3]

Seeking declaratory and injunctive relief under the IDEA, VIA in its Amended Complaint urges this Court, in essence, to direct the state hearing officer to dismiss VIA as a party to the due process proceedings. Specifically, Plaintiff requests that this Court (1) declare that Plaintiff is a private school providing services pursuant to a contract with Greene County and is not bound by the stay-put order by the hearing officer or the stay-put provisions of the IDEA; (2) alternatively, to declare that VIA has terminated its contract with the Greene County School District and is therefore not bound by the hearing officer's stay-put order, and that VIA is not a proper party to the due process hearing; (3) award a preliminary and permanent injunction ordering the hearing officer to dismiss VIA from the IDEA due process hearing, and order that the VDOE supervise the due process hearing to ensure compliance with federal and state law; and (4) vacate the stay-put order

---

[3]The Court has been advised that the due process hearing was commenced but not concluded on February 28, 2008. It was continued to March 10, 2008 for further proceedings.

issued by the prior hearing officer, John R. Hooe, III.[4]

At the inception of this action, the defendants urge this Court to abstain from exercising federal jurisdiction because the relief requested would significantly interfere with ongoing state administrative proceedings. Relying on the well-settled abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), the defendants argue that such federal intervention in ongoing state judicial proceedings would constitute an encroachment on the sovereignty of the Commonwealth of Virginia. Despite some sympathy with Plaintiff's position, this Court agrees.

Abstention is a doctrine that must be exercised judiciously. As the United States Court of Appeals for the Fourth Circuit noted in *Employers Resource Management Co. v. Shannon*, 65 F.3d 1126 (4th Cir. 1995), the doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 1134 (quotation marks omitted). Abstention is not necessarily appropriate in every civil action that meets the formal requirements of the *Younger* doctrine. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989).

Application of the *Younger* abstention doctrine is "appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates

---

[4]VIA and Greene County have entered into a settlement agreement terminating their contract with respect to this student and acknowledging that VIA is "functionally unavailable" to provide services to that student. The Court has entered a Consent Order to that effect.

important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding. *Employers Res. Mgmt. Co.*, 65 F.3d at 1134. Moreover, *Younger* abstention "will not be required unless the 'state court proceedings [have been] initiated before any proceedings of substance on the merits have taken place in the federal court.'" *Id.* (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984)).

Although the *Younger* abstention doctrine was first developed in the criminal context, "the Supreme Court has since extended abstention principles into noncriminal judicial proceedings . . . and into state administrative proceedings that are judicial in nature." *Employers Res. Mgmt. Co.*, 65 F.3d at 1135 n.7 (citations omitted). The U.S. Supreme Court first recognized the application of *Younger* in the context of state administrative proceedings in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). However, its underlying rationale was best explained in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). The Court noted in *Ohio* that *Younger* principles apply when there are "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." *Id.* at 627.

In announcing the constitutional underpinnings for restraining courts of equity from interfering with ongoing state proceedings, the court in *Younger* captured it well in observing that "the notion of 'comity,' that is, a proper respect for state functions, a

recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." 401 U.S. at 44. *See also Moore v. City of Ashville, N.C.*, 396 F.3d 385, 391 (4th Cir. 2005).

The *Younger* abstention doctrine "recognizes that state courts are fully competent to decide issues of federal law . . . and has as a corollary the idea that all state and federal claims should be presented to the state courts" within the context of pending state proceedings. *Richmond, F. & P. R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (citations omitted).

Acknowledging that abstention is the exception, not the rule, the defendants argue that the immediate case warrants invocation of the strong federal policy against federal court interference with pending state administrative proceedings. Defendants maintain that all prerequisites to *Younger* are present in the case at hand.

In pursuing federal intervention, Plaintiff seeks to preempt the authority of the state hearing officer by seeking an order directing that VIA be dismissed as a party to the due process proceedings. The due process hearing began on February 28, 2008, and will resume on March 10, 2008, with a final decision issued sometime thereafter. Moreover, due process hearings conducted pursuant to the provisions of the IDEA, and implementing state regulations, are regulatory and hence analogous to judicial

proceedings. There is, therefore, an ongoing state judicial proceeding. The hearing officer who presides is a practicing lawyer and his or her decision is appealable to a state or federal court.

Placement of students with special educational needs under the auspices of the IDEA clearly implicates important state interests. The Commonwealth of Virginia, as well as most states, have implemented elaborate regulatory schemes as required by the IDEA for the appropriate placement of students with disabilities. *See Va. Regulations* at 8 Va. Admin. Code § 20-80-66. As the defendants point out in their Memorandum in Support of Defendant Vaden's Motion to Dismiss, "the allocation of responsibility for the education of students with disabilities presents important questions of state law that transcend the immediate case and that require coherent state policy." (Def.'s Mem. in Supp. p. 9.)

The last and perhaps most critical element of *Younger* is the requirement that an adequate opportunity exists to present any relevant federal claims in the state proceedings. In the immediate case, if the hearing officer's decision is adverse to Plaintiff, it has a right under both state law or the IDEA to appeal that decision to a state or federal court. *See* 8 Va. Admin. Code § 20-80-76. However, that right of review should only be exercised after the hearing officer has an opportunity to review the evidence, hear arguments, and render a final decision accompanied by an explanation of his rationale. The issues before the hearing officer involve a mixture of state regulations, contract law, and the IDEA.

VIA advances a number of reasons why it believes the *Younger* abstention doctrine is inapplicable in this case. First, it counters that the relief sought in the immediate action differs from that of the due process hearing. Here, VIA seeks only declaratory and injunctive relief barring the hearing officer and the VDOE from involuntarily joining a private educational institution as a party to a due process hearing.

Second, VIA argues that because it has lawfully terminated its contract with Greene County School District and is "functionally unavailable" to provide services to the student at issue, the hearing officer can provide no relief against the institute. VIA emphasizes that its federal action does not address the merits of the due process hearing, but only the authority of the hearing officer to include it as a party. Lastly, VIA contends that the due process hearing, and presumably its statutory rights of appeal, do not provide an adequate means to seek relief for its federal law claims.

This Court believes that VIA may have misconstrued the constitutional purpose served by the *Younger* doctrine. Central to its application are principles of sovereignty and comity. It is premised on the notion that federal courts should not interfere with state adjudicative proceedings as long as the participants have a full and fair opportunity to litigate issues based on federal law.

To grant the relief sought by VIA, this Court must intervene in the hearing officer's decision-making process by directing a specific disposition with respect to a party in the case. This is particularly true here, where the hearing officer has not had an

opportunity to issue a final ruling on the merits.[5] This type of officious intermeddling directly implicates the principle of federalism underlying *Younger* abstention.

VIA's contention that it lacks a legal vehicle to address its federal claims is based on a footnote in *Virginia Office of Protection & Advocacy v. Commonwealth of Virginia Department of Education*, 262 F. Supp. 2d 648, 661 (E.D. Va. 2003). In footnote five of that case, this Court held that the Virginia Office of Protection and Advocacy was not an aggrieved party who had standing to challenge the outcome of a due process hearing. This Court held, in the context of that case, that only the parents of the child, and not an association, were aggrieved parties under 20 U.S.C. §§ 1415(f) and (j), with standing to bring a private cause of action. In the immediate case, VIA, unlike the Virginia Office of Protection and Advocacy, is an actual party to the due process hearing and consequently would be an aggrieved party with a statutory right under state or federal law to seek review of any adverse ruling. Under either 20 U.S.C. § 1415(i) or 8 Va. Admin. Code § 20-80-76(o), VIA is provided an opportunity to fully litigate its claims under federal law in either state or federal court.

The legal contentions offered by VIA in support of its request for relief may very well have merit. It is not the intention of this Court to preclude any further legal action that VIA may elect at the appropriate time. However, it is inappropriate for this Court to issue an order dictating the decision-making process of a state adjudicative officer.

---

[5]In fact, VIA has never formally requested that the current hearing examiner dismiss it as a party.

10

Contrary to Plaintiff's contention, this is not a case legally or factually independent of the due process proceeding.

On careful consideration, this Court is of the opinion that the circumstances of this case counsel abstention.[6] This Court should not intervene at an interlocutory stage of the due process proceedings. The newly-appointed hearing officer has not had an opportunity to decide any issues on the merits. There is no objective basis to conclude that he is not fully competent to decide the issues of federal law on which Plaintiff relies in seeking relief in this Court. If Plaintiff believes the hearing officer's ultimate decision is in error, the law provides a statutory vehicle for review in either state or federal court. Until then, this Court will stay its hand and allow the state proceedings to run their course. At that point, if a justiciable controversy exists, VIA can elect an appropriate avenue of relief.

For the foregoing reasons, Defendants' Motions to Dismiss will be granted and the case is dismissed without prejudice. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 7, 2008
Richmond, VA

---

[6]The defendants argue several additional grounds for dismissal which this Court need not reach.